# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-276-F |
| | ) | |
| DOYLE ALLEN BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Doyle Allen Baker, through counsel, submits this Sentencing Memorandum to address sentencing factors and aid the Court in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a). Mr. Baker submits each of the statutory concerns governing sentencing can be met by a sentence of straight probation. This request is based upon both the nature of the offense conduct and Mr. Baker's personal history.

### *STATUTORY SENTENCING FACTORS AS APPLIED TO THIS CASE*

### NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

*The Circumstances of the Offense*

The general facts underlying the offense of conviction are described in the Presentence Report. Mr. Baker submitted false paperwork to his employer, the Logan County Sheriff's Office, in connection with overtime pay to which he was not entitled. The offense conduct took place over a three month period in 2016. The lasting effects of Mr.

Baker's poor judgment are succinctly summarized by him in the Presentence Report. *PSR ¶39*.

*History and Characteristics of the Defendant*

Mr. Baker's history is summarized in the Offender Characteristics section of the Presentence Report. Mr. Baker's parents were divorced when he was very young. He was raised primarily by his father and it appears he had little, if any, contact with his natural mother. Mr. Baker's father remarried when he was five. Mr. Baker advised his stepmother was emotionally abusive. His father divorced this woman eight years later. Shortly thereafter his father married his current stepmother with whom he has a good relationship.

Mr. Baker's father was a firefighter and police officer. Mr. Baker's work history suggests he wanted to follow in his father's footsteps. A review of Mr. Baker's work history suggests he was a valued employee for the Roswell, New Mexico, police and fire departments and the Chaves County, New Mexico Sheriff's Office. *See PSR ¶59, 60, and 61*. It appears Mr. Baker began to experience employment issues sometime after 2012. This coincides with Mr. Baker's struggle to deal with the aftermath of on the job traumatic events (*PSR ¶61*) and the birth of his son.

Mr. Baker's son has had a significant medical issue since birth. *See PSR ¶37*. This medical issue has resulted in significant stress for the family and Mr. Baker. Mr. Baker left New Mexico solely to seek medical treatment for his son. The move resulted in a significant reduction in pay. His brief stints at law enforcement agencies in the Oklahoma City,

Oklahoma area reflect his desire to continue to work in the law enforcement field and find a job that would support his family.

Counsel submits the cumulative effects of these stressful circumstances culminated in Mr. Baker engaging in behavior that is completely out of character for him. Long-term stress can lead not only to serious physical problems, but also depression and anxiety. *See Attachment 1*. Depression and anxiety can result in self-destructive behavior. Given the lack of any anti-social behavior prior to 2016, the only explanation for such behavior is the cumulative effects of a stressful job and family issues.

Mr. Baker's history and characteristics did not warrant pretrial conditions of release. Thus, Mr. Baker has not had the benefit of programs and services offered by the United States Probation Office. It is likely Mr. Baker could benefit from mental health aftercare as a condition of supervision.

**THE NEED FOR THE SENTENCE IMPOSED IN LIGHT OF THE SERIOUSNESS OF THE OFFENSE**

Mr. Baker does not dispute that the offense of conviction is serious. He accepts responsibility for his wrongdoing and is remorseful for the conduct. The guidelines establish a sentencing range commensurate with his actions and his history and characteristics. Mr. Baker will now have a felony conviction as a result of his actions. He will never have an opportunity to engage in work as a law enforcement officer or a firefighter, two occupations he loved and respected. The shame he has brought on himself and his family is something he will live with the rest of his life.

Perhaps most distressing for Mr. Baker is that for nearly three years he has faced the possibility of being separated from his wife and children as a result of his actions. His family relies exclusively on him financially. Mr. Baker is actively involved in his children's lives and it is obvious they rely on him for emotional support. Dealing with the unknown as it pertains to this case for the last three years is significant punishment itself.

Deterrence to others and Mr. Baker has been accomplished by this prosecution. The amount of loss in this case is within the United States Attorney's classification of cases in which pretrial diversion is an option. In addition, the amount of loss is within the category of cases for which a misdemeanor charge is an option. Mr. Baker was subjected to prosecution for a felony offense to make a point to others in law enforcement who may be tempted to engage in similar conduct. Deterrence was considered and accomplished by convicting Mr. Baker of a felony offense.

Mr. Baker has not engaged in any criminal activity for nearly three years. The lack of any additional anti-social behavior on his part suggests that protecting the public from further crimes by him is not a signficant sentencing consideration. Finally, the assistance Mr. Baker needs can be addressed best in the community through a sentence of probation.

**THE KINDS OF SENTENCE AND THE SENTENCING RANGE ESTABLISHED FOR THE OFFENSE COMMITTED BY THE DEFENDANT AS SET FORTH IN THE GUIDELINES**

The maximum term of imprisonment is not more than 10 years and/or a fine of not more than $250,000. A special assessment of $100 is mandatory. There is no statutory

mandatory minimum sentence applicable.  The Court may impose a sentence of probation. The Presentence Report reflects an advisory guideline range of imprisonment of 0 to 6 months, resulting from a total offense level of 6 and a Criminal History Category I.  In this case, the advisory sentencing guideline calculation is driven primarily by the amount of loss attributed to the offense.  The Sentencing Commission places significant emphasis on loss in fraud cases.

> The Commission has determined that, ordinarily, the sentences of defendants convicted of federal offenses should reflect the nature and magnitude of the loss caused or intended by their crimes.  Accordingly, along with other relevant factors under the guidelines, loss serves as a measure of the seriousness of the offense and the defendant's relative culpability and is a principal factor in determining the offense level under this guideline.

USSG §2B1.1, *Background*.  The calculation of the advisory guideline range is not disputed by Mr. Baker.  The loss amount attributed to him is commensurate with his criminal responsibility.

Moreover, the most aggravating factor involved in this offense - the abuse of the trust placed in Mr. Baker to uphold the law - has been factored into the calculation of the advisory sentencing guideline calculation.  Even considering this aggravating factor, Mr. Baker's advisory sentencing guideline range falls within Zone A on the sentencing table.

### PERTINENT POLICY STATEMENTS ISSUED BY THE SENTENCING COMMISSION

The Policy Statement found in USSG §5K2.0 defines circumstances of a kind not adequately taken into consideration by the Sentencing Commission as those identified in

"Chapter Five, Part K, Subpart 2 (Other Grounds for Departure) and unidentified circumstances that are present in an exceptional case." Subject to few exceptions, even under a mandatory version of the sentencing guidelines, a sentencing court could consider any information about a defendant, his conduct, or the offense in deciding whether a departure from the guidelines is warranted. *See* USSG §1B1.4.

In this case, Mr. Baker's advisory guideline range of imprisonment is 0 to 6 months. Neither a departure nor variance is necessary to justify a sentence of straight probation. Regardless, counsel submits factors such as

- post-offense rehabilitation, recognized as a mitigating factor by the Supreme Court in *Pepper v. United States*, 562 U.S. 476 (2011);

- family circumstances when combined with other factors, recognized as a mitigating factor by the Tenth Circuit in *United States v. Pena*, 930 F.2d 1486, 1495 (10th Cir. 1991); and,

- diminished capacity, recognized as a mitigating factor in USSG §5K2.13;

are each present to a degree in this case that warrant a sentence of straight probation.

**THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT.**

No disparity would result from a sentence of straight probation. Given the 0 to 6 months' advisory guideline range, it is possible disparity will result from a sentence other than straight probation.

**NEED TO PROVIDE RESTITUTION**.

In determining the appropriate sentence, this Court must consider "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. §3553(a)(7). Mr. Baker does not dispute the restitution amount reflected in the Presentence Report. He accepts his responsibility to pay this amount back to remedy his conduct. Serious efforts at repayment of these moneys can only be accomplished while Mr. Baker is not incarcerated. He is hardworking and capable. This Court should seek to maximize, rather than eliminate, Mr. Baker's ability to work to make restitution.

Mr. Baker requests the Court exercise its authority to waive the requirement that interest accrue on unpaid restitution based on the facts of this case. Section 3612(f)(3), Title 18, United States Code, provides:

> Modification of interest by court.--If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may–
>
> (A) waive the requirement for interest;
>
> (B) limit the total of interest payable to a specific dollar amount; or
>
> (C) limit the length of the period during which interest accrues.

Mr. Baker does not have the ability to pay full restitution immediately. As a result, interest on the restitution should be waived.

## CONCLUSION

Mr. Baker accepts responsibility for his actions. The many statutory factors this Court must consider in sentencing when taken as a whole, including the advisory sentencing

guideline range, justify a sentence of straight probation without a term of intermittent confinement, community confinement, or home detention.

                              Respectfully submitted,

                              *s/ William P. Earley*
                              William P. Earley
                              ASSISTANT FEDERAL PUBLIC DEFENDER
                              Bar Number 11293
                              215 DEAN A. McGEE AVENUE, Suite 109
                              OKLAHOMA CITY, OKLAHOMA 73102
                              Voice (405)609-5930
                              Fax    (405) 609-5932
                              Email william.early@fd.org
                              Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 17th day of June, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Ms. Rozia McKinney-Foster, Assistant United States Attorney.

                              *s/ William P. Earley*
                              William P. Earley