CLOSED,REL,_LH
Email All Attys
Email All Attys and Secondary Emails

# U.S. District Court
# Western District of Oklahoma[LIVE] (Oklahoma City)
# CRIMINAL DOCKET FOR CASE #: 5:18−cr−00276−F−1

| | |
|---|---|
| Case title: United States of America v. Baker | Date Filed: 11/07/2018 |
| | Date Terminated: 07/03/2019 |

Assigned to: Honorable Stephen P. Friot

**Defendant (1)**

| | | |
|---|---|---|
| **Doyle Allen Baker**<br>*TERMINATED: 07/03/2019* | represented by | **William P Earley**<br>Federal Public Defender−OKC<br>215 Dean A McGee Ave<br>Suite 109<br>Oklahoma City, OK 73102<br>405−609−5930<br>Fax: 405−609−5932<br>Email: william_earley@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:666(a)(1)(A) FEDERAL PROGRAM THEFT<br>(1) | Defendant placed on probation for a period of 5 years; S/A Fee $100 due immediately; Restitution in the amount of $5,001.06 due immediately |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **United States of America** | represented by | **Rozia M McKinney–Foster**<br>US Attorney's Office–OKC<br>210 W Park Ave<br>Suite 400<br>Oklahoma City, OK 73102<br>405–553–8806<br>Fax: 405–553–8887<br>Email: rozia.mckinney–foster@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/07/2018 | 1 | 5 | SEALED INDICTMENT as to Doyle Allen Baker (1) count(s) 1. (Attachments: # 1 Criminal Cover Sheet) (ml) (Entered: 11/07/2018) |
| 12/03/2018 | 3 | | WARRANT Returned Executed on 12/3/2018 in case as to Doyle Allen Baker. (kr) (Entered: 12/03/2018) |
| 12/07/2018 | | | Case unsealed as to Doyle Allen Baker. (lb) (Entered: 12/07/2018) |
| 12/07/2018 | 4 | | ** SEALED DOCUMENT ** CJA 23 Financial Affidavit by Doyle Allen Baker. (lb) (Entered: 12/07/2018) |
| 12/07/2018 | 5 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER William P Earley for Doyle Allen Baker. Signed by Magistrate Judge Suzanne Mitchell on 12/7/18. (lb) (Entered: 12/07/2018) |
| 12/07/2018 | 6 | | MINUTE ENTRY for proceedings held before Magistrate Judge Suzanne Mitchell: Arraignment as to Doyle Allen Baker (1) Count 1 held on 12/7/2018. Plea entered by Doyle Allen Baker (1) Count 1 Not Guilty on count 1. Jury Trial set for 1/8/2019 09:00 AM in Courtroom 305 before Honorable Stephen P. Friot. Defendant released on personal recognizance bond with conditions. (lb) (Entered: 12/07/2018) |
| 12/07/2018 | 7 | | ORDER Setting Conditions of Release as to Doyle Allen Baker. Signed by Magistrate Judge Suzanne Mitchell on 12/7/18. (lb) (Entered: 12/07/2018) |
| 12/07/2018 | 8 | | Appearance Bond as to Doyle Allen Baker (1) Personal Recognizance. Signed by Magistrate Judge Suzanne Mitchell on 12/7/18. (lb) (Entered: 12/07/2018) |
| 12/07/2018 | 9 | | ENTRY OF ATTORNEY APPEARANCE: William P Earley appearing for Doyle Allen Baker (Earley, William) (Entered: 12/07/2018) |
| 12/10/2018 | 10 | | ENTRY OF ATTORNEY APPEARANCE Rozia M McKinney–Foster appearing for USA. (McKinney–Foster, Rozia) (Entered: 12/10/2018) |
| 12/10/2018 | 12 | | CRIMINAL JURY TRIAL DOCKET: Docket Call set for 1/2/2018 10:30 AM in Courtroom 305 before Honorable Stephen P. Friot. Jury Trial set for 1/8/2019 09:30 AM in Courtroom 305 before Honorable Stephen P. Friot. (llg) (Entered: 12/10/2018) |

| | | | |
|---|---|---|---|
| 12/10/2018 | | | Docket Annotation: The docket text for doc. no. 12 has been corrected to reflect that Docket Call will be held on 1/2/2019, rather than 1/2/2018. (llg) (Entered: 12/10/2018) |
| 12/24/2018 | 13 | | UNOPPOSED MOTION to Continue *Jury Trial* by Doyle Allen Baker. (Earley, William) (Entered: 12/24/2018) |
| 12/26/2018 | 14 | | ORDER granting 13 UNOPPOSED MOTION to Continue *Jury Trial* filed by Doyle Allen Baker. Jury Trial CONT'D to 2/12/2019 trial docket in Courtroom 502 before Honorable Stephen P. Friot (previously set on 1/8/2019 trial docket). The 1/2/2019 Docket Call is stricken, to be reset. Signed by Honorable Stephen P. Friot on 12/26/2018. (llg) (Entered: 12/26/2018) |
| 01/14/2019 | 15 | | CRIMINAL JURY TRIAL DOCKET: Docket Call set for 2/6/2019 10:30 AM in Courtroom 502 before Honorable Stephen P. Friot. Jury Trial set for 2/12/2019 09:30 AM in Courtroom 502 before Honorable Stephen P. Friot. All requested voir dire, requested jury instructions & proposed verdict forms, motions in limine, & trial briefs due 2/4/2019. Objections/responses to said pretrial filings due 2/7/2019. (llg) (Entered: 01/14/2019) |
| 01/28/2019 | 16 | | UNOPPOSED MOTION to Continue *Jury Trial (Second Motion)* by Doyle Allen Baker. (Earley, William) (Entered: 01/28/2019) |
| 01/29/2019 | 17 | | **ORDER** granting 16 UNOPPOSED MOTION to Continue *Jury Trial (Second Motion)* filed by Doyle Allen Baker. Jury Trial CONT'D to 3/12/2019 trial docket in Courtroom 502 before Honorable Stephen P. Friot (previously set on 2/12/2019 trial docket). The 2/6/2019 docket call is stricken, to be reset. Signed by Honorable Stephen P. Friot on 1/29/2019. (llg) (Entered: 01/29/2019) |
| 02/11/2019 | 18 | | CRIMINAL JURY TRIAL DOCKET: Docket Call set for 3/6/2019 10:30 AM in Courtroom 502 before Honorable Stephen P. Friot. Jury Trial set for 3/12/2019 09:30 AM in Courtroom 502 before Honorable Stephen P. Friot. (llg) (Entered: 02/11/2019) |
| 02/27/2019 | 19 | | NOTICE OF HEARING as to Doyle Allen Baker. Change of Plea Hearing set for 3/7/2019 10:00 AM in Courtroom 502 before Honorable Stephen P. Friot. (llg) (Entered: 02/27/2019) |
| 02/27/2019 | | | Terminate Hearing as to Doyle Allen Baker: 3/6/2019 Docket Call. (llg) (Entered: 02/27/2019) |
| 03/07/2019 | 20 | | MINUTE ENTRY for proceedings held before Honorable Stephen P. Friot: Change of Plea Hearing as to Doyle Allen Baker held on 3/7/2019, Plea entered by Doyle Allen Baker (1) Guilty Count 1. Plea accepted & referred to probation. Waives jury. Stands on present bond. Sentencing upon receipt of final PSR. (Court Reporter Tracy Thompson.) (llg) (Entered: 03/07/2019) |
| 03/07/2019 | 21 | | PETITION To Enter a Plea of Guilty by Defendant Doyle Allen Baker (llg) (Entered: 03/07/2019) |
| 03/07/2019 | 22 | | WAIVER of Jury Trial by Doyle Allen Baker (llg) (Entered: 03/07/2019) |
| 06/03/2019 | 25 | | NOTICE OF HEARING as to Doyle Allen Baker. Sentencing set for 7/2/2019 10:30 AM in Courtroom 401 before Honorable Stephen P. Friot. (llg) (Entered: 06/03/2019) |

| 06/17/2019 | 26 |    | SENTENCING MEMORANDUM by Doyle Allen Baker (Attachments: # 1 Attachment National Institute of Mental Health publication "5 Things You Should Know About STRESS")(Earley, William) (Entered: 06/17/2019) |
|---|---|---|---|
| 07/02/2019 | 27 |    | MINUTE ENTRY for proceedings held before Honorable Stephen P. Friot: Sentencing held on 7/2/2019 for Doyle Allen Baker (1), Count(s) 1, Defendant placed on probation for a period of 5 years; S/A Fee $100 due immediately; Restitution in the amount of $5,001.06 due immediately. (Court Reporter Christy Clark.) (llg) (Entered: 07/02/2019) |
| 07/03/2019 | 28 | 10 | JUDGMENT & Commitment as to Doyle Allen Baker (1), Count(s) 1, Defendant placed on probation for a period of 5 years; S/A Fee $100 due immediately; Restitution in the amount of $5,001.06 due immediately. Signed by Honorable Stephen P. Friot on 7/3/2019. (llg) (Entered: 07/03/2019) |
| 08/01/2019 | 30 | 16 | Probation Jurisdiction Transferred from Honorable Stephen P. Friot to Northern District of Texas, Fort Worth Division as to Doyle Allen Baker. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (rb) (Entered: 08/01/2019) |

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

NOV 07 2018

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR 18-276 F |
| | ) | |
| DOYLE ALLEN BAKER, | ) | Violation: 18 U.S.C. § 666(a)(1)(A) |
| | ) | |
| Defendant. | ) | |

# INDICTMENT

The Federal Grand Jury charges:

## Introduction

At all times relevant to this Indictment:

1. The Logan County Sheriff's Office and Logan County, Oklahoma were local government agencies located in Guthrie, Oklahoma.

2. Defendant DOYLE ALLEN BAKER was an agent of the Logan County Sheriff's Office and Logan County, in that he was employed by the Logan County Sheriff's Office as a Deputy Sheriff.

3. The Oklahoma Highway Safety Office ("OHSO"), within the Oklahoma Department of Public Safety, was a pass-through agency for federal funds provided by the

1

U.S. Department of Transportation, National Highway Traffic Safety Administration ("NHTSA").

4. The NHTSA was an administration established by the Highway Safety Act of 1970 that operated under the United States Department of Transportation, an executive agency of the federal government.

5. The NHTSA provided federal funding to local governments and agencies. Such funding was often routed via grants coordinated in conjunction with state agencies such as OHSO.

6. OHSO administered NHTSA alcohol enforcement grants that provided funds to local law enforcement agencies.

7. In 2016, the Logan County Sheriff's Office received $20,000.00 in alcohol enforcement grants from OHSO. These alcohol enforcement grants were 100% funded by grants from the NHTSA. Specifically, these grants were funded by the federal "Moving Ahead for Progress in the 21st Century Act," Public Law 112-141.

### NHTSA Overtime Fraud Scheme

8. BAKER knew that funds from NHTSA alcohol enforcement grants could only be used to pay overtime for employees working outside of their regular hours of duty and during specific hours.

2

9. In 2016, BAKER fraudulently submitted timesheets representing that he had worked hours for NHTSA overtime that he did not in fact work.

10. From in or around July 2016 through in or around September 2016, BAKER fraudulently submitted timesheets that caused payments of more than $5,000.00 of NHTSA overtime funds that he had not actually worked.

11. BAKER hid the fact that he did not work shifts or left shifts early by submitting fake citations and warnings. He falsely claimed in Logan County Sheriff's Office paperwork and payroll entries that he had worked the entirety of the claimed overtime.

## COUNT 1
### (Federal Program Theft)

12. The Federal Grand Jury incorporates paragraphs 1-11 by reference.

13. From on or about July 13, 2016, and continuing through on or about September 30, 2016, in the Western District of Oklahoma,

----------------------------------- **DOYLE ALLEN BAKER,** -----------------------------------

being an agent of Logan County and the Logan County Sheriff's Office, embezzled, stole and obtained by fraud, property worth at least $5,000.00 and under the care, custody, and control of such local government agency; that is, he claimed and received more than $5,000.00 in NHTSA grant funds to which he was not entitled.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

A TRUE BILL:

*[signature]*

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
First Assistant U.S. Attorney

*[signature: Rozia M McKinney-Foster]*

ROZIA MCKINNEY-FOSTER
Assistant U.S. Attorney

4

Court Clerk

# CRIMINAL COVER SHEET

U.S. District Court, Western District of Oklahoma

Petty ☐   Misdemeanor ☐   Felony ☑            Case No. **CR 18-276 F**

Number of Counts ___1___   Number of Defendants ___1___   USAOID No. _____   By: ___bla___

## INDICTMENT

**Sealed:** Yes ☑ No ☐      OCDETF: Yes ☐ No ☑      Notice ☐  Summons ☐  Writ ☐  Warrant ☑ to Issue

| DEFENDANT: | **DOYLE ALLEN BAKER** | NOV 0 7 2018 |
|---|---|---|
| Alias(es): | Address: | |
| | Phone: | |
| Age&DOB: 31; 1987 | SS#: XXX-XX-0751 | Juvenile: Yes ☐ No ☑ | Interpreter: Yes ☐ No ☑ |
| SEX: M ☑  F ☐ | RACE: White | Language/Dialect: English | |

**Defendant Status:**

| ☑ Not in Custody | Type of Bond Recommended on this Charge: |
|---|---|
| | OR ☐   Cash ☐   10% ☐   Unsecured ☑   Surety ☐ |
| Bond set at: $         Date:  Current Bond on Other Charge  Federal ☐  State ☐ | Bond in Amount of: $ 5,000.00 |
| ☐ In Jail at: | Under Prisoner/Register No.: | Detention ☐ |

**Prior Proceedings or Appearance(s) Before U.S. Magistrate Judge:**

| Case No. M- | Government Motion to Detain: Yes ☐ No ☐ |
|---|---|
| Complaint: Yes ☐  No ☐ | Bond Set:                    Date: |

**Related Case Information:**

| Previous Case No. | Rule 20/Rule 5 from District of: |
|---|---|
| Additional Defendants: Yes ☐  No ☐ | Total Number of defendants: |

RECEIVED NOV 0 7 2018
CARMELITA REEDER SHINN
CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY

**Attorney Information:**

| Defense Counsel: | AUSA: Rozia McKinney-Foster | |
|---|---|---|
| Address: | Phone: 405/553-8700 | Fax: 405/553-8888 |
| Phone:   Fax: | Federal Agent/Agency: DOT | |
| Retained ☐   CJA Panel ☐   Public Defender ☐ | Local Agent/Agency: | |

| Count(s) | USC Citation(s) | Offense(s) Charged | Penalty |
|---|---|---|---|
| 1 | 18 U.S.C. § 666(a)(1)(A) | Federal Program Theft | Not more than 10 years' imprisonment, $250,000 fine, or both; not more than 3 years' supervised release; and $100 special assessment. |

Date: 11/5/18                Signature of AUSA  _Rozia McKinney-Foster_

800/6-97

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Oklahoma

| UNITED STATES OF AMERICA<br>v.<br>DOYLE ALLEN BAKER | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR-18-00276-F<br>USM Number: 58077-177<br><br>William P. Earley<br>Defendant's Attorney |
|---|---|

**THE DEFENDANT:**

☒ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)
   which was accepted by the court.
☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 666(a)(1)(A) | Federal Program Theft | 11/7/2018 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 2, 2019
Date of Imposition of Judgment

_/s/ Stephen P. Friot_
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

July 3, 2019
Date Signed

10

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Probation

Judgment—Page __2__ of __6__

DEFENDANT: Doyle Allen Baker
CASE NUMBER: CR-18-00276-F

# PROBATION

You are hereby sentenced to probation for a term of :
**60 months**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - [x] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. [x] You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. [ ] You must participate in an approved program for domestic violence. *(check if applicable)*
7. [x] You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (check if applicable)
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 2A — Probation

Judgment—Page   3   of   6  

DEFENDANT:   Doyle Allen Baker
CASE NUMBER:  CR-18-00276-F

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____     Date _____

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 2B— Probation

Judgment—Page __4__ of __6__

DEFENDANT: Doyle Allen Baker
CASE NUMBER: CR-18-00276-F

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away or otherwise convey any asset, without first consulting with the probation officer.

If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

The defendant shall, upon request of the probation officer, authorize release of any and all financial information, to include income records, credit records, insurance records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

The defendant shall notify the court and the Attorney General of any material change in economic circumstances that might affect the defendant's ability to pay a fine and/or restitution.

The defendant shall not occupy any position in a fiduciary capacity, whether as an employee or a volunteer, without the prior written approval of the probation officer. If employed in a fiduciary capacity, the defendant shall notify employers of the federal conviction at the direction of the probation officer and grant the probation officer permission to verify notification.

The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment, Internet gambling, Indian gaming or off-shore gambling, or activity during the period of supervision. The defendant shall participate in a program for the treatment of gambling addiction at the direction of the probation officer. The defendant may be required to contribute to the cost of services (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

The defendant must submit to a search of his person, property, electronic devices or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of determining possession, or evidence of possession of, financial documents, or unreported assets at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to a search.

The defendant is ordered to complete __208__ hours of community service within the first two years of probation as directed by the probation officer. The community service shall not include any fishing activities.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: Doyle Allen Baker
CASE NUMBER: CR-18-00276-F

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ 5,001.06 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Logan County Sheriff's Office<br>216 S. Broad Street<br>Guthrie, OK 73004 |  | $5,001.06 |  |
| **TOTALS** | $ | $ $5,001.06 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500.00, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Doyle Allen Baker
CASE NUMBER: CR-18-00276-F

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒ Lump sum payment of $ 5,101.06 due immediately, balance due

☐ not later than _____ , or
☒ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal  Monthly  (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to  180 days  (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to term of supervision; or

E  ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:

If restitution is not paid immediately, the defendant shall make payments of the greater of $200 per month or 10% of defendant's gross monthly income, as directed by the probation officer. Payments are to commence not later than 30 days after placement on probation. Payments shall be forwarded to the U.S. Court Clerk, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102, for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be paid through the United States Court Clerk for the Western District of Oklahoma, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☐ Joint and Several

Defendant and Co-Defendant Names    Case Number (including dft number)    Joint and Several Amount


☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

All right, title, and interest in the assets listed in the Preliminary Order of Forfeiture dated _____ (doc. no. ____).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

15

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2019 JUL 24 PM 2:05

DEPUTY CLERK

**Transfer of Jurisdiction**

| | |
|---|---|
| Case Number (Trans. Court) | CR-18-00276-F |
| Case Number (Rec. Court) | 4-19CR-219-O |

| Name Of Probationer/Supervised Releasee | District | Division |
|---|---|---|
| **Doyle Allen Baker** | Western District of Oklahoma | Oklahoma City |

| Name of Sentencing Judge |
|---|
| U.S. District Judge Stephen P. Friot |

| Dates Of Probation/Supervised Release | From July 2, 2019 | To July 1, 2024 |
|---|---|---|

**Offense**
Federal Program Theft, 18 U.S.C. § 666(a)(1)(A)

### PART 1 - ORDER TRANSFERRING JURISDICTION

U.S. District Court For The **Western District of Oklahoma**

IT IS HEREBY ORDERED that pursuant to 18 USC § 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the U.S. District Court for the Northern District of Texas, Fort Worth Division, upon that Court's order of acceptance of jurisdiction.

This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

July 18, 2019
Date

U.S. District Judge Stephen P. Friot

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

U.S. District Court For The **Northern District of Texas, Fort Worth Division**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7/24/19
Effective Date

U.S. District Judge Reed O'Connor

Certified Copy
CR-18-276-F



2:34 pm, Aug 01, 2019
Carmelita Reeder Shinn, Clerk

Prob22 (Revised 12/12/14)

Page 1 of 1

16

# UNITED STATES DISTRICT COURT
## PROBATION AND PRETRIAL SERVICES
### NORTHERN DISTRICT OF TEXAS



CLERK OF DISTRICT COURT
DIST. OF TX
FORT WORTH DIVISION
RECEIVED

2019 JUL 24 PM 2:03

DEPUTY CLERK _____

**The MITSI WESTENDORFF**
CHIEF

**BUD ERVIN**
DEPUTY CHIEF

**JENNIFER BOWERS**
**WAYNE MCKIM**
**STEPHANIE ROPER**
ASSISTANT DEPUTY CHIEFS

501 West 10th Street
Fort Worth, TX 76102
214-288-0625
www.txnp.uscourts.gov

July 19, 2019

The Honorable Reed O'Connor
U.S. District Judge
501 West 10th Street, Room 201
Fort Worth, Texas 76102

**4-19CR-219-0**

RE: **Doyle Allen Baker**
Case No.: CR-18-00276-F
<u>Request for Acceptance of Jurisdiction</u>

Dear Judge O'Connor:

On July 2, 2019, Doyle Allen Baker was sentenced in the Western District of Oklahoma, Oklahoma City Division, by U.S. District Judge Stephen P. Friot, to a 60-month probation term, for the offense of Federal Program Theft, in violation of 18 U.S.C. § 666(a)(1)(A). Mr. Baker began his term of probation in the Northern District of Texas, Fort Worth Division, on July 2, 2019, and his expiration date is July 1, 2024.

Doyle Baker has a stable residence, employment, and familial ties to the Northern District of Texas and indicates no intention to return to the Western District of Oklahoma. For these reasons, the Western District of Oklahoma, Oklahoma City Division, has agreed to transfer jurisdiction to the Northern District of Texas, Fort Worth Division. It is respectfully recommended that Jurisdiction in Case No. CR-18-00276-F be accepted by the Northern District of Texas, Fort Worth Division. Attached are two copies of the Transfer of Jurisdiction Order for the Court's consideration to complete the process.

Respectfully Submitted,                         Approved,

s/Kathleen Lamour                               s/Kenneth Mays
U.S. Probation Officer                          Supervising U.S. Probation Officer
Fort Worth, Texas                               Fort Worth, Texas
214-288-0625                                    817-840-0739

Page 1

17